Our next case is number 242317, Blue Cross and Blue Shield of Kansas City versus United States. OK, Ms. Berman. Good morning, Your Honor. It's Amanda Berman for the appellants in this case. I'm going to be taking all of the time this morning. Mr. Korda, counsel for the Carpenters Appellants is here in case there are questions about that distinct argument. It's not being waived. We're just focusing on the statute of limitations issue. Your Honor, the government adds that Sand and Calvert's inexorably add up to the conclusion that class action tolling can no longer be available for Tucker Act claims. That is not the case. Sand and Calvert's are both limited in important ways and neither address the question presented here. And I want to get right to Sand because I do think that's the critical point here. Sand addressed only one narrow question, whether the government can waive timeliness. The answer no was based entirely on stare decisis, but that answer left plenty of room for this court to conclude that 2501 does not bar class action tolling. The court repeatedly states in Sand that Tucker Act statutes of limitations are more absolute than other statutes of limitations. Not absolute, more absolute. That's very careful phrasing. The court repeatedly said that the Tucker Act statute of limitations is not subject to tolling based on certain equitable considerations. And it explained what that phrase meant. It pointed to, and I'm quoting, sickness, surprise, accident, or other individualized circumstances, which American Pipe itself explained are different in nature from class action tolling. So why those carefully worded limitations? The government didn't answer that question in its brief,  And the answer is the same as the decision itself. Stare decisis. John R. Sand was not written on a blank slate. The Supreme Court had already held, back in 1967, in Honda versus Clark, that class action tolling, which it described there as a traditional equitable principle. It's talking about class action tolling. It's describing it as an equitable principle. It said, and it found that that is available even where a limitations principle waiving immunity has to be strictly construed. Because back then, all limitations principles. Do you agree with your friend on the other side that Sand is not in tension with other Supreme Court cases? I don't entirely agree with that, your honor. I do think there's tension between Sand and some of the more modern case law that require a clear statement before you find that a statute of limitations is jurisdictional. Boakler, for example, Harrow. But I recognize that this court is bound by Sand, so it has to reconcile these two things itself. I think maybe the court comes to a different conclusion if it's asked the question again. But the important thing here is that there is space left in Sand itself for this court to conclude that it doesn't bar class action tolling for 2501. We have this older decision. It says it's jurisdictional, and as recently as 2022 in the Beckler case, the Supreme Court said jurisdictional statutes do not allow for equitable exceptions, period. Sure, your honor. So again, I want to go back to what Sand actually says. So Sand's description of the Tucker statute of limitations, it describes it as jurisdictional, true. But the court says, and this is the only time it uses that word, that this is only a convenient shorthand for when a statute of limitations is trying to achieve broader system-wide goals. That's the only time it references that jurisdictional label. And I don't think that label controls the outcome here. We're basically dealing with a third category that hasn't been addressed by any of the applicable precedents. Counsel in the case before rightly noted that CalPERS only addresses the statute of repose. And you heard my friend on the other side explain that they're not arguing that 2501 is a statute of repose. We understand on the flip side that 2501 is not one of the non-jurisdictional statutes of limitation. So we are in a middle category here. But I think something that the court said in CalPERS is very important. It said, the statute of repose transforms the analysis in a hypothetical case with a different statutory scheme consisting of a single limitations period without that additional outer limit. A court's equitable power under American pipe in many cases would authorize relief petitioner seeks. This is that hypothetical case, your honor. The government, it admits that 2501 isn't a statute of repose, but it's basically trying to make it into it. And we do think there is still, there has to be based on how CalPERS describes the two different categories. Statutes of repose are a very different thing. They have that outer limit. They're setting a firm outer bound. Statutes of limitations run from approval. That's what this one does here. And 2501 itself, your honor, has confused. Help me, I probably should know this. A firm outer bound ordinarily in a statute of repose be a certain amount of time after the accrual, right? So what's the distinction? So as CalPERS explains it, a statute of repose doesn't run from accrual at all. It's like 60 days from when the government does acts. It's a time period based on when, usually when the defendant acts. It doesn't use that accrual language at all. And that's the critical difference that the court draws in CalPERS. And I think there can be no question that this is a statute of limitations. For example, might not run from the time of injury. Accrual. Exactly, right. And if you look at this statute of limitations. The labels are not exactly thought clarifying. That's what I'm trying to get. One level below the labels. Yes, I understand that, your honor. There's some things about this statute of limitations that I think make it even clearer that it cannot be a statute of repose. It has an exception even within it. So the Tucker Act statute of limitations says court of federal claims has jurisdiction. Every claim over which the court has jurisdiction shall be barred unless the petition thereon is filed within six years after the claim first accrues. And then it goes on to even carve out an exception from that. A petition on a claim of a person under legal disability or beyond the C's at the time the claim accrues may be filed within three years after the disability ceases. So we've got an exception built into the limitations provision itself. That's the opposite of a statute of repose, your honor. It's very different from what was the Securities Act provision, that issue in CalPERS, for example. In no event shall an action be brought more than three years after the security was bona fide offered. But you're not dealing with the language that I read to you from the recent Boulder case, which is pretty explicit. It says jurisdictional statutes do not allow for equitable exceptions. Sure, your honor. But I think we- If that is correct, you lose, right? I disagree, your honor. Why? Because I think we have to go back to what Sand actually said. Sand said they're not subject to bullying. You're not accepting my hypothetical. If that rule from Boulder is applicable here, you lose. Because it doesn't depend on whether it's a statute of repose. It says jurisdictional statutes are not subject to equitable exceptions. And JR Sand and Gravel says 2501 is a jurisdictional statute, right? Yes, your honor. My answer to that is that that phrase is dicta and it's shorthand. It doesn't capture the certain equitable considerations that Sand actually says. It doesn't capture the more absolute, which is how Sand actually describes 2501. And I think it's notable that Sand only uses the phrase jurisdictional in passing and says it's a convenient shorthand. The holding of Sand was not 2501 is jurisdictional. It was that it's more absolute, it's subject to only certain equitable considerations, and those don't include the ability to waive timeliness. So I think we have to go back to what Sand itself said. And the reason, which is there was this rule already established in Honda that class action tolling is available in claims brought against the government under a limitations provision that at that time was thought to be jurisdictional. That provision at the time was considered to be also more absolute and jurisdictional. So I think we have to reconcile this history of cases and see does that leave space for this court to conclude that 2501 is still subject to class action tolling. And your honor, I want to emphasize that it's really problematic if this court doesn't so conclude. As this court rightly recognized and right, that would make it virtually impossible for a lot of members of the class to timely opt in. I think it would break Court of Federal Claims Rule 23, your honor, because it puts a lot of pressure on judges to timely certify. But even if they do, a wise litigant is going to have to file their own claim in case the class is later decertified on appeal. And I want to point the court to, I found recently there's a case out of the Ninth Circuit and one out of the Eighth Circuit, both against Union Pacific Railroad. They're called DeGere and DeFries, where a class was decertified on appeal. And in both instances, the court noted that American pipe tolling was the thing that was protecting the putative class member who lost the class status from being able to still bring their claim. So it's really quite a can of worms the court would be opening to hold that class action tolling is not available at all here, your honor. Your honor, just a few more points. CalPERS itself distinguishes between traditional equitable tolling and American pipe tolling, and there is an important distinction. The only time the court actually uses the phrase doctrine of equitable tolling in that case in CalPERS is when it's describing the classic example, which it describes as based on disability, sickness, or other circumstances that prevent an individual plaintiff from timely filing. American pipe tolling is not that. Yes, the court describes it as sounding in equity, but as American pipe explains, it's applying mechanically once a class action is filed to protect a congressional class action mechanism. It is protecting this broader class action mechanism, which does come from congressional authorization, including even the congressional authority given to the Court of Federal Claims to implement its own rules to effectuate that congressional mechanism. Is that the only congressional authorization, or is there something in what Congress has said specifically about class actions? I thought it was just the 2071 authorization of local courts, including the Claims Court, to make their own rules. That's true, Your Honor. So I would point the court to the fact that as it rightly said in Bright, even while this isn't statutory tolling, at the same time, Rule 23 of the Court of Federal Claims is meant to parallel the Federal Civil Procedure 23. That itself does have a statutory status. What do you mean by a statutory status? It's authorized by the statute, right? And the Supreme Court promulgated it. Yes, Your Honor, my understanding is that the federal rules of civil procedure are adopted into statute. That's the mechanism set out. And there's a difference here. In any event, I thought what CalPERS was saying was that the rules are what the rules are, but the rules don't say anything about tolling. Tolling has to come from somewhere else. And that can only be. That's right, Your Honor. The tolling does come from something else, but I think the important point is that CalPERS recognizes that class action tolling, it's equitable in nature, but it's not coming from that judicial ability to promote justice in individual cases. It's implementing a federal class action mechanism that is available across the courts. And this court also rightly pointed out back in Bright that if you don't have that in the Court of Federal Claims, that means that a case brought under the Tucker Act and the Little Tucker Act, same claim, same limitations language, are subject to different rules. Class action tolling is available for one and not the other. And all those things that this court said in Bright are still true. And we think that Sand and CalPERS, together, because of their important limitations, leave enough space for this court to reaffirm the conclusion in Bright, but with different reasoning, Your Honor. And I will reserve my last two minutes for rebuttal, unless this court has further questions. OK. Thank you. Mr. Giroir? Good morning again, Your Honors. I understand the thrust of my friend's argument to be an attempt to create new categories that don't exist in the Supreme Court's case law and in this court's case law. The first is the distinction among types of jurisdictional statutes of limitations. My friend focuses quite a bit on John R. Sand and elevates the way the Supreme Court, or that particular opinion, describes jurisdictional statutes of limitations in a way that's divorced, respectfully, from all of the other cases. As Judge Dyke indicated, the premise of your question, we have cases like Beckler. We have cases like Wong. We have cases from this court saying, one attribute, whatever all of their attributes may be, one attribute of a jurisdictional statute of limitations is that it does not permit of equitable exceptions. The second new category is a new type of equitable exception. Again, that category doesn't exist. I think even if one were convinced that promoting the principles behind a statutory rule were different from promoting individualized considerations of justice, the rule in both cases derives from the court's sense of fairness and how things should work, not from a statute. That is the critical distinction in Kelpers. That is the reason that American pipe tolling is equitable in nature, not statutory, is because it doesn't derive from the text of any rule. It derives from purposes and the considerations of administrability, fairness, all of these other things that sound classically inequity. I would just, as a final note, add that Bright itself accepted John R. Sands' holding that statutes of limitations, excuse me, that section 2501 is jurisdictional, and that it does not admit of equitable exceptions. And so for this court to look, I think there are many sources of the rules I've described, but Bright itself sort of accepts these premises, which I think are dispositive in this case. Unless there are any other questions, we'd ask that you affirm. Thank you. Your Honors, no court has held that a jurisdictional statute of limitations is subject to no equitable exceptions. All of the cases that my friend referenced, that Judge Dyke referenced earlier, they weren't addressing 2501 or a, quote unquote, jurisdictional statute of limitations, whatever that means. They were addressing ones that they found were not jurisdictional that could be subject to any type of equitable exception. One court, the Supreme Court, has held, back in Honda versus Clark, that class action tolling is available even for a strict statute of limitations, which at the time, the provision at issue there was viewed as a strict and jurisdictional. That precedent still stands. It's written by Harlan the grandson, Justice Harlan the grandson, who was responding, I think, in part to things his grandfather said in cases like Kendall back in the 1800s, addressing statutes of limitations that had to be strictly construed and finding that individualized equitable tolling, disability, et cetera, was not available. He was responding to that, and he held that class action tolling could be applied despite the fact that the statute there was jurisdictional in nature. This court should just hew to that precedent, which still stands, and it also recognizes the space that sand leaves. It doesn't address the question presented here. This court can do so. Thank you, Your Honor. Thank you. Thank both counsel and cases today.